UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
AUG 25 2014

| | |
|---|---|
| DENNIS R. GARDNER, a/k/a DENNIS GARDNER, <br><br> Plaintiff, <br><br> vs. <br><br> ED LIGTENBERG, Director of the Board of Pardons and Paroles, SDSP, Sioux Falls, SD, <br><br> Defendant. | Civ. 14-4015-LLP <br><br><br> ORDER DIRECTING SERVICE |

Plaintiff, Dennis R. Gardner, is an inmate at the South Dakota State Penitentiary in Sioux Falls, South Dakota. Gardner filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dockets 1, 2. On March 6, 2014, the Court granted Gardner leave to proceed in forma pauperis and ordered him to pay an initial partial filing fee by April 4, 2014. Docket 8. After several extensions, Gardner paid the initial partial filing fee on July 11, 2014. The Court must now screen Gardner's complaint to determine whether any claims should be dismissed. Pursuant to the PLRA, the Court must dismiss an action or any portion thereof if the prisoner has raised a claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

## STANDARD OF REVIEW

A claim "is frivolous where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous when it is "based on an indisputably meritless legal theory" or where the factual contentions "are clearly baseless." *Id.* at 327. The court may dismiss a complaint for failure to state a claim when the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a complaint for failure to state a claim, "[t]he court must presume that the factual allegations in the complaint are true and accord all reasonable inferences from those facts to the [pleader]." *Valiant-Bey v. Morris*, 829 F.2d 1441, 1443 (8th Cir.

1987) (citation omitted).

Pro se complaints, "'however inartfully pleaded,' [are] held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) (noting that "civil rights pleadings should be construed liberally"). Nonetheless, a pro se complaint must comply with the minimal requirements set forth in the Federal Rules of Civil Procedure, which specifically require pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a pro se complaint need not contain detailed factual allegations, it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Simply stated, a pro se complaint must "allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to "supply additional facts, nor will [it] construct a legal theory that assumes facts that have not been pleaded." *Id.* (citation omitted). If the complaint does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

## DISCUSSION

"[T]o state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show '(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.'" *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (quoting *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009)). In the instant case, Gardner alleges that Defendant Ligtenberg acted without authority when he enhanced Gardner's initial parole date, thereby violating Gardner's right to due process under the Fourteenth Amendment. Docket 1. To remedy this alleged violation, Gardner requests that the Court grant him nominal and punitive damages in the amount of $500 per day for each day Gardner was incarcerated beyond his original parole date of February 12, 2003, until he was actually granted parole in March 2006. *Id.*

Prisoners are entitled to the protections of the Fourteenth Amendment's Due Process Clause–"[t]hey may not be deprived of life, liberty, or property without due process of law." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) (citations omitted). As the Supreme Court has recognized,

"although there is no constitutional right to parole, a protected liberty interest may be created by the statutes governing parole in a given jurisdiction." *Parker v. Corrothers*, 750 F.2d 653, 655 (8th Cir. 1984) (citing *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1 (1979)). In the instant action, Gardner has alleged that Ligtenberg acted without statutory authority by increasing the classification of Gardner's prior felony and taking into consideration Gardner's status as a habitual offender when he recalculated Gardner's parole eligibility date. Docket 1. Gardner claims that although these are factors to be considered at sentencing, they should have no effect on his parole eligibility date. *Id.* Liberally construing these facts and drawing all reasonable inferences therefrom in Gardner's favor, the Court finds that Gardner has sufficiently alleged a due process claim for purposes of surviving initial review under 28 U.S.C. § 1915(e)(2)(B). Accordingly, it is

ORDERED that the clerk of court will cause service of the complaint, summons, and this order upon Defendant. All costs of service will be advanced by the United States.

IT IS FURTHER ORDERED that Defendant will serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service.

IT IS FURTHER ORDERED that Gardner will serve upon Defendant, or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or other document submitted for consideration by the Court. He will include with the original paper to be filed with the clerk of court a certificate stating the date and that a true and correct copy of any document was mailed to Defendant or Defendant's counsel.

Dated this 15th day of August, 2014.

BY THE COURT:

*/s/ Lawrence L. Piersol*
LAWRENCE L. PIERSOL
UNITED STATES DISTRICT JUDGE

ATTEST:
JOSEPH HAAS, CLERK
BY: *Jennifer Stevens*
DEPUTY